**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GLADYS M. HERNANDEZ,**

       **Plaintiff,**

v.                                                                                                      Case No:   6:16-cv-1671-Orl-41GJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

Gladys M. Hernandez (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for Social Security disability insurance benefits. Doc. No. 1. Claimant alleges an onset date of disability of December 12, 2003, and her date last insured is December 31, 2008. R. 195. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: (1) failing to find that Claimant suffered from a severe impairment resulting from her mental condition; (2) assigning Claimant a residual functional capacity ("RFC") without a doctor reaching the same conclusion in the record and without obtaining all of the pertinent evidence; and (3) relying on the vocational expert's testimony. Doc. No. 22 at 16-19. For the reasons set forth below, it is recommended that the Commissioner's final decision be **AFFIRMED**.

**I.     THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is

disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

(Citations omitted.) The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step. 20 C.F.R. § 416.920(a)(4).

## II.  STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court

must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

### A.  The ALJ's finding at step two

Claimant argues that the ALJ erred in finding that Claimant's mental condition was not a severe impairment. Doc. No. 22 at 16-19. At step two of the sequential evaluation process, the ALJ found that Claimant has the following severe impairments: lumbar degenerative disc disease with radiculopathy and obesity. R. 20. The ALJ determined that Claimant's anxiety and depressive disorders were not severe impairments, either singly or in combination. R. 20.

To constitute a severe impairment at step two, an impairment must significantly limit an individual's ability to perform basic work skills. 20 C.F.R. § 416.920(c). The Eleventh Circuit has found that an "impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). The Eleventh Circuit has "described step two as a 'filter' requiring the denial of any disability claim where no severe impairment or combination of impairments is present." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 950 (11th Cir. 2014) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).[1] "To proceed to step three of the evaluation process, an ALJ need only conclude that an applicant had 'at least one'

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.

severe impairment." *Id.* at 951 (quoting *Jamison*, 814 F.2d at 588). "[T]he only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability." *Id.* Thus, so long as the ALJ finds any impairment or combination of impairments severe at step two, the ALJ may proceed to the remaining steps in the sequential evaluation process, and there is no need for the ALJ to identify every severe impairment at step two. *Id.*; *see also Farrington v. Astrue*, No. 3:09-cv-94-J-TEM, 2010 WL 1252684, at *4 (M.D. Fla. Mar. 29, 2010) (finding a single impairment at step two is all that is required so long as the ALJ considers all impairments, both severe and non-severe, throughout the sequential evaluation process, including in determining claimant's RFC).

In this case, at step two, the ALJ concluded that Claimant's lumbar degenerative disc disease with radiculopathy and obesity were severe impairments, and then proceeded to the next step in the sequential evaluation process. R. 20, 23. The regulations and the Eleventh Circuit require nothing more. While the ALJ was required to consider Claimant's anxiety and depression throughout the latter steps of the sequential evaluation process, Claimant's argument that the ALJ erred at step two by failing to find her mental condition to be a severe impairment is misplaced because the ALJ found other severe impairments at step two, and therefore, Claimant suffered no harmful error at step two.

### B. The RFC determination

Claimant's second argument is that the ALJ erred in finding that Claimant had the RFC to perform light work with some limitations. Doc. No. 22 at 24-27. Claimant argues that no doctor reached the same conclusion as the ALJ regarding Claimant's RFC and that the ALJ did not obtain all of the pertinent evidence. *Id.*

As long as the ALJ's RFC is supported by substantial evidence, it need not mirror a medical source opinion. *Castle v. Colvin*, 557 F. App'x 849, 852-54 (11th Cir. 2014) (rejecting claimant's argument that the ALJ erred in determining the RFC when the record lacked a medical opinion regarding the claimant's ability to work, but the record contained sufficient evidence supporting the RFC). In *Jackson v. Colvin*, No. 8:14-CV-1159-T-TGW, 2015 WL 12844406, at *2 (M.D. Fla. July 16, 2015), the claimant argued that the ALJ erred in determining the RFC because the ALJ "did not adopt in its entirety either physician's opinion of the plaintiff's functioning . . . ." *Id.* The Court rejected the argument because there is no requirement that the ALJ adopt a physician's opinion in determining the RFC. *Id.* The ALJ found that the claimant "regularly showed full range of motion in all her joints and no swelling, and he found that the plaintiff had no restriction in activities of daily living . . . ." *Id.* at *3. Additionally, the ALJ stated the evidentiary basis for the RFC, which was that numerous test results and examinations reflected mostly normal findings. *Id.* at *4. "[A] law judge's residual functional capacity determination need not be based on a physician's opinion of the plaintiff's functioning." *Id.*

Here, the ALJ found that Claimant had the following RFC during the relevant time period:

> light work as defined in 20 CFR 404.1567(b) except that the claimant could occasionally stoop, kneel, crouch, crawl, and climb, but could never climb ladders, ropes, or scaffolds. Avoid: overhead lifting and overhead reaching, working at heights or with dangerous machinery, constant direct contact with vibration, constant temperatures of above 90 degrees or below 40 degrees Fa[h]renheit, and constant foot controls. Interaction with the general public, coworkers and supervisors can be in Spanish, or very simple English, but no more than superficially and occasionally. Tasks should be simple 1 to 5 steps performed independently after 30 days' training.

R. 24. The ALJ supported this finding by citing to the following regarding Claimant:

- o   normal lumbar lordosis;

- good anatomic alignment of the vertebrae;
- no acute distress on exam;
- full 5/5 strength throughout;
- ability to walk at a reasonable pace;
- maintaining tandem gait;
- full hip range of motion; and
- ability to squat halfway.

R. 24. The ALJ cited record evidence to support these findings, including an x-ray review, doctor's examination notes, and the consultative examination report from September 19, 2008. R. 25-26. As the ALJ's RFC determination is supported by substantial evidence, Claimant's argument that no doctor reached the same conclusion as the ALJ is unavailing.[2]

Claimant also argues that the ALJ erred in affording her treating doctor's opinion little weight. Doc. No. 22 at 25. One reason that the ALJ gave for assigning the opinion little weight is that the treating doctor's opinion was rendered on August 27, 2014, and stated that her restrictions started five years ago. R. 403. Claimant's alleged disability onset date was December 12, 2003, and her date last insured was December 31, 2008, R. 195. Thus, there is substantial evidence supporting the ALJ's decision to afford the opinion little weight.

Finally, Claimant argues that the ALJ did not obtain all of the pertinent evidence. Doc. No. 22 at 26. Claimant points to evidence that she received treatment from 2004 until 2007 for her mental condition and received treatment from Dr. Maluf from 2008 until 2010, but the record does not contain records from these treatments. *Id.* at 26-27.

---

[2] Because substantial evidence supports the ALJ's RFC determination, Claimant's arguments regarding the opinion of the non-examining state agency physician that there was insufficient evidence of Claimant's physical limitations prior to her date last insured are irrelevant.

At the hearing, Claimant's attorney added several documents to the record and then said "No, Your Honor," when the ALJ asked if there was any more evidence related to the claim, but not in the file. R. 38-40. Thus, "any alleged error the ALJ may have made in not obtaining more recent medical records was invited." *Larry v. Comm'r of Soc. Sec.*, 506 F. App'x 967, 969 (11th Cir. 2013) (rejecting the claimant's argument that reversal was required because the ALJ failed to fully develop the record when the claimant's attorney was specifically asked if there were any additional records and the attorney replied that the record was complete); *see also Williams v. Comm'r, Soc. Sec. Admin.*, No. 16-16968, 2017 WL 3127137, at *2 (11th Cir. July 24, 2017) (holding that ALJ fulfilled the duty to develop the record when the ALJ asked the claimant's attorney at the hearing whether the record contained everything the claimant wanted the ALJ to review).

### C.  ALJ's Reliance on Vocational Expert's Testimony

Claimant's final argument is that the hypothetical question addressed to the vocational expert did not adequately reflect Claimant's limitations because the ALJ's hypothetical did not contain the limitations outlined by Claimant's treating physicians. Doc. No. 22 at 35-36. This argument fails, however, because, as discussed above, the ALJ's RFC is supported by substantial evidence, and the hypothetical to the vocational expert contained the same limitations as in the ALJ's RFC. R. 24, 53-54.

### IV.  CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **AFFIRMED**; and

2. The Clerk be directed to enter judgment for the Commissioner and close the case.

The parties have fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on September 18, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Mary Ann Sloan, Chief Counsel, Region IV
John C. Stoner, Deputy Regional Chief Counsel
Brian Seinberg, Branch Chief
D. Logan Pool, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review

SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801

- 9 -